UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------------- x
KEVIN SPELLS,

                          Plaintiff,

    -against-

THE CITY OF NEW YORK,

                          Defendant.
---------------------------------------------------------------------- x

MEMORANDUM AND ORDER

07-CV-5038 (ENV) (LB)

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ NOV 2 5 2009
P.M.
TIME A.M.

VITALIANO, D.J.

## Background

Prior to filing the current action, *pro se* plaintiff Kevin Spells filed an eight-paragraph complaint in this Court on July 14, 2006, see Spells v. The City of New York, 1:06-CV-3448 (ENV) ("*Spells I*"), in which he alleged that defendant City of New York (the "City") violated his constitutional rights in connection with paternity proceedings in New York Family Court. In that complaint, Spells alleged that he was "forced by Defendant . . . [t]o continually appear as a Petitioner at the Plaintiff's Family Court paternity proceedings" (*Spells I* Compl. ¶3) and that defendant had "knowledge and desire that the 'Forged' birth certificate cause [sic] and induce [sic] some unique and harmful injury and dangerous offence to plaintiff as well as reputation impairment." (Id. ¶5.) The Court determined that the gravamen of plaintiff's complaint was that although he claimed to be the father of Kimberly Martinez, due to the Family Court's adjudication that he was not related, he was compelled to petition the Family Court for relief. (See Decision and Order, dated Aug. 22, 2006, *Spells I* Dkt. #4, at 2.) Plaintiff alleged that this "ordeal to appear and proceed upon 'Forgery'" caused him "serious emotional injury ... personal humiliation, mental anguish, and suffering and severe emotional distress." (*Spells I*

1

Compl. ¶7.) Plaintiff also alleged that some unspecified conduct by the City, presumably linked to the paternity proceedings, "prevent[ed] the child from attending school, receiving financial child support, medical care, dental care and from participating in New York State's food stamp program." (Id. ¶4.) Plaintiff claimed compensatory and punitive damages totaling $100,000. (Id. ¶8.)

On September 19, 2006, the Court dismissed plaintiff's complaint for lack of jurisdiction under the "Rooker-Feldman doctrine," which holds that a federal court lacks jurisdiction to review state court decisions. Rooker v. Fidelity Trust Co., 263 U.S. 413, 415-16 (1923); D.C. Court of Appeals v. Feldman, 460 U.S. 462, 482-86 (1983). Although plaintiff failed to clarify the nature of his claims, the Court determined that it was clear that the complaint concerned a state court paternity proceeding, and therefore merited *sua sponte* dismissal. The Court also denied *in forma pauperis* status, and certified that any appeal would not be taken in good faith. On March 5, 2008, the Second Circuit Court of Appeals denied plaintiff's appeal because it presented "no arguably meritorious issue" for consideration. (*Spells I* Dkt. #13.).

Prior to the rejection of his appeal, on December 4, 2007, plaintiff filed his complaint in the current action. This ten-paragraph complaint repeats verbatim much of plaintiff's prior pleading, including a plea for damages totaling $100,000, but omits any direct reference to the paternity proceeding. Instead, plaintiff refers to being "forced . . . against his will into ordeal of warnings, notice of claims, complaints, civil judicial proceedings, appeal and [a] Congressional accountability request."[1] (Compl. ¶¶ 8-9.) While it is unclear precisely what the contours of plaintiff's grievance against the City are this time around, it is crystal clear that the subject matter of his complaint is the way in which the City handled plaintiff's request to be

---

[1] Plaintiff attached as an exhibit a letter from his congressman, who declined to "intervene" on plaintiff's behalf on grounds of separation of powers and congressional policy. (Compl. Ex. D.) This letter exchange appears to be the full extent of plaintiff's "Congressional accountability request."

involved in the life of Kimberly Martinez, whom he claims is his daughter. Notwithstanding what appears to be a heartfelt belief in this paternity, the New York courts have determined otherwise. Accordingly, Spells is estopped here from establishing a paternal relationship with Kimberly Martinez and, as a result, cannot establish that the City injured him by suspending or abridging a parental relationship that does not exist as a matter of law.

The City now moves under Rule 12(b)(6) to dismiss plaintiff's complaint on the ground that it fails to state claims on which relief may be granted and is also insufficiently pled as required by Rule 8(a)(2). The Court finds, for the reasons described below, that plaintiff's claims fail on their face, and the complaint is dismissed in its entirety.

## Discussion

1. Standard of Review

A court considering a motion to dismiss under Rule 12(b)(6) must "accept as true all factual statements alleged in the complaint and draw all reasonable inferences in favor of the non-moving party." Vietnam Ass'n for Victims of Agent Orange v. Dow Chem. Co., 517 F.3d 104, 115 (2d Cir. 2008). To survive a motion to dismiss, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (quoting Bell Atl. Corp. v. Twombly, 555 U.S. 544, 570, 127 S. Ct. 1955, 1974 (2007)). In deciding a Rule 12(b)(6) motion, a court may consider, in addition to the pleading itself, documents that are referenced in the complaint, documents that the plaintiff relied on in bringing suit, and matters of which judicial notice may be taken. See Chambers v. Time Warner, Inc., 282 F.3d 147, 152-53 (2d Cir. 2002); Rothman v. Gregor, 220 F.3d 81, 88-89 (2d Cir. 2000).

2. Plaintiff Fails To State Claims On Which Relief May Be Granted

As alluded to above, it is not obvious from the face of the complaint what specific

3

causes of action are alleged by plaintiff. But, in light of the "special solicitude" given to pro se litigants' submissions, see Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 474-75 (2d Cir. 2006), the Court construes the complaint liberally and concludes that Spells is asserting violations of his federal civil rights pursuant to 42 U.S.C. §§ 1981 and 1983. Although plaintiff does not provide any specific examples of the City's conduct that he alleges caused constitutional injury, he does allege discrimination (Compl. ¶¶ 2, 7) and violations of his constitutional rights to due process (id. ¶ 8) and equal protection. (Id. ¶ 9.) Again, and critically, all of the claims relate to the battle between Spells and the City about his quest to vindicate what Spells believes are his paternal rights.

Notwithstanding anything else, as an initial matter, plaintiff's claims are barred by the three-year statute of limitations applicable to § 1981 and § 1983 actions filed in federal courts in New York. See Owens v. Okure, 488 U.S. 235, 251, 109 S. Ct. 573, 582 (1989); King v. Am. Airlines, Inc., 284 F.3d 352, 356 (2d Cir. 2002); Jaghory v. N.Y. State Dep't of Educ., 131 F.3d 326, 331-32 (2d Cir. 1997). Such claims accrue when a plaintiff knew or "had reason to know of the injury that is the basis of the action." Sterngrass v. Palisades Interstate Park Comm'n, 260 Fed. Appx. 395, 395 (2d Cir. 2008), cert denied, 128 S. Ct. 2973 (2008) (quoting M.D. v. Southington Bd. of Educ., 334 F.3d 217, 221 (2d Cir. 2003)); see Wash. v. County of Rockland, 373 F.3d 310, 319 (2d Cir. 2004). Despite the fact that Spells does not specify precisely when he knew of the alleged injury, it could not have been later than April 15, 2004, at which time plaintiff alleges he "made complaints to both New York City Department of Investigations, Office of Inspector General and Administration for Children's Services" about the very same wrongful conduct alleged in this action. (Compl. ¶ 3.) Consequently, any action to vindicate such claims after April 15, 2007 would be time-barred. Spells did not file the current lawsuit seeking such relief until December 4, 2007, almost 8 months beyond the limitations period.

Even if plaintiff's claims could survive the statute of limitations, his §§ 1981 and 1983 claims are no less untenable because he is unable to establish an injury. Absent allegation of an injury not related to abridgment of plaintiff's claimed paternal rights over Kimberly Martinez, about which he is estopped from complaining because the state court has determined he has no such paternal rights, the complaint can state no civil rights claims. Plaintiff's complete failure to identify any actual injury or any conduct by the City not related to Spells' paternity claim, that is, his rights with respect to Kimberly Martinez and the custody decisions made about or services provided by the City to her, dooms his complaint under Rule 12(b)(6).

## Conclusion

For all the foregoing reasons, the City's motion to dismiss is granted, and the complaint is dismissed. The Clerk is directed to close this case. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Memorandum and Order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: Brooklyn, New York
November 24, 2009

ERIC N. VITALIANO
United States District Judge